UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| CROSSWATER CANYON, INC. and ARK ENCOUNTER, LLC<br><br>                                      Plaintiffs,<br><br>-v-<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.) Inc.; ALLIED WORLD ASSURANCE COMPANY HOLDINGS GmbH; CERTAIN UNDERWRITERS AT LLOYD'S; HDI GLOBAL SPECIALTY SE; BLACKBOARD SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA<br><br>                                      Defendants. | **Civil Action No.** _____<br><br>**Judge** _____<br><br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiffs Crosswater Canyon, Inc. and Ark Encounter, LLC (collectively, "Plaintiffs"), for their Complaint against Defendants Allied World Assurance Company (U.S.) Inc.; Allied World Assurance Company Holdings GmbH; Certain Underwriters at Lloyds; HDI Global Specialty SE, f/k/a International Insurance Company of Hannover SE; Blackboard Specialty Insurance Company, f/k/a Hamilton Specialty Insurance Company; and General Security Indemnity Company of Arizona (collectively, "Defendants"), state and allege as follows:

**PARTIES**

1.  Plaintiff Crosswater Canyon, Inc. is a non-profit corporation organized under the laws of the Commonwealth of Kentucky, with its principal place of business located in Petersburg, Kentucky. Plaintiff Crosswater Canyon, Inc. is a citizen of Kentucky.

2.  Plaintiff Ark Encounter, LLC is a limited-liability company organized under the

1

laws of the State of Missouri, with its principal place of business located in Hebron, Kentucky.

3. Plaintiff Crosswater Canyon is the sole member and manager of Plaintiff Ark Encounter, LLC. As such, Plaintiff Ark Encounter, LLC is a citizen of Kentucky.

4. Defendant Allied World Assurance Company (U.S.) Inc. is a citizen of the State of Delaware, where it is incorporated and where it has its principal place of business.

5. Defendant Allied World Assurance Company Holdings GmbH is a citizen of a foreign state, being incorporated in Switzerland and having its principal place of business in Zug, Switzerland.

6. Defendant Certain Underwriters at Lloyds is a collective of underwriters residing in or existing under the laws of England or in other foreign countries, with a residence or principal place of business in England or other foreign countries.

7. Defendant HDI Global Specialty SE, f/k/a International Insurance Company of Hannover SE, is a citizen of a foreign state, being a joint venture of Hannover Re Group and HDI Global SE, both of which are incorporated in Germany and which have their principal places of business in Hannover, Germany.

8. Defendant Blackboard Specialty Insurance Company, f/k/a Hamilton Specialty Insurance Company, is a citizen of the State of Delaware, where it is incorporated and where it has its principal place of business.

9. Defendant General Security Indemnity Company of Arizona is a citizen of the State of Arizona, where it is incorporated and where it has its principal place of business.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests

and costs, and because the matter involves citizens of different States. Specifically, Plaintiffs are citizens of Kentucky, and the Defendants are all citizens of foreign states and/or of states other than Kentucky.

11. This Court has personal jurisdiction over the Defendants because of their contacts with the Eastern District of Kentucky, which arise from transacting business in this District, contracting to insure property or risk located in this District, and causing tortious injury in this District. The insurance policy expressly provides that the Defendants will submit to the jurisdiction of any court of competent jurisdiction within the United States.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants are subject to personal jurisdiction in the Eastern District of Kentucky and thus are deemed to reside in this District for venue purposes, because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District, and because a substantial part of the property that is the subject of the action is situated in this District.

## STATEMENT OF FACTS

13. Plaintiffs were named insureds under a Commercial Property Policy, with policy number 0310-2242-1A, and a supplemental policy (collectively, the "Policy"), underwritten and subscribed to by the Defendants, with a policy period of July 1, 2016 to July 1, 2017. A true and accurate copy of the Policy is attached as **Exhibit A** and **Exhibit B**.

14. The Policy covered losses to Plaintiffs' property, located at 1 Ark Encounter Drive, Williamstown, Grant County, Kentucky, as set forth in the relevant portions of the following Policy provisions:

    **Section 1.**    **PERILS INSURED AGAINST**

    This **Policy** insures against all risk of direct physical loss, damage or destruction to property described herein occurring during the term of insurance, except as hereinafter excluded.

**Section 2.**	**COVERAGE**

Except as hereinafter excluded, this **Policy** insures:

    **A.**	**Real and Personal Property**

        (1)	The interest of the **Insured** in all real and personal property including but not limited to property owned, used, leased or intended for use by the **Insured**, or hereafter constructed, erected, installed, or acquired, including while in the course of construction, erection, installation, and assembly. In the event of direct physical loss, damage or destruction, the **Company** agrees to accept and consider the **Insured** as the sole and unconditional owner of improvements and betterments, notwithstanding the contract or leases to the contrary.

**Section 4.**	**PERILS EXCLUDED**

This **Policy** does not insure:

    B.	against the cost of correcting defective design or specifications, faulty material, or faulty workmanship; *however, this exclusion shall not apply to direct physical loss, damage or destruction resulting from such defective design or specifications, faulty material, or faulty workmanship*.

**Section 5.**	**PROPERTY EXCLUDED**

This **Policy** does not insure loss or damage to:

    A.	Land and land values; *however, this exclusion shall not apply to the cost of reclaiming, restoring or repairing* **Land Improvements**.

*See* (Ex. A at 32, 47, 50) (italic emphasis added).

    15.	The Policy also defines "Land Improvements" as follows:

**Land Improvements** mean any alteration to the natural condition of the land whether natural or manmade by *grading*, landscaping, earthen dikes or dams, *and additions to land such as drainage systems, pavements, roadways or similar works*.

(Ex. A at 68) (italic emphasis added).

    16.	Plaintiff Ark Encounter, LLC is the owner of the real property and improvements located at 1 Ark Encounter Drive in Williamstown, Grant County, Kentucky (the "Property"),

where it operates a creationist theme park known as the Ark Encounter. The centerpiece of the attraction is a representation of Noah's Ark.

17. Development of the Ark Encounter Property, which was completed in or about 2016, included construction of an access road at the crest of a hillside slope on the east side of the Property. This road and the abutting hillside are shown in the photograph below:



18. Beginning in or about May 2017, and continuing into 2018, the slope abutting and supporting the access road began to fail. Subsequent to heavy rains, a significant landslide occurred along portions of the slope, which eliminated the structural support for the roadway, caused significant damage to the road surface itself and the incorporated improvements, and rendered portions of the road unsafe and unfit for use. The impacts of the slope failure upon the roadway can be seen, in part, in the following photograph taken in or about July 2017:



19.     Plaintiffs promptly reported the landslide and the resulting property damage to the Defendants, began taking interim mitigation measures to prevent further damage, and consulted with geotechnical engineers to ascertain the options for appropriate remediation. Defendants' representatives were provided access to the Property, performed their own assessment and investigation, and authorized Plaintiffs to proceed with the necessary repairs.

20.     In or about September 2017, the geotechnical engineers that Plaintiffs retained assessed the slope failure and the resulting destruction and damage of the abutting roadway and considered possible remediation plans. The geotechnical engineers ultimately recommended installation of a drilled concrete shaft retaining wall with reinforced shafts along the eastern edge of the service road at the crest of the slope, along with additional site work near the base of the hillside. The geotechnical engineers determined that this would be the most efficient and effective way to stabilize the roadway and to prevent further slippage and damage to the road.

21.     Plaintiffs proceeded with the recommended work to remediate the damage caused by the landslide. This work included repairs to the supporting base of the roadway, repaving and

construction of the road, installation of guard railing adjacent to the road to replace lost fencing, remediating the damaged grading, installation of drainage structures, and construction of the drilled shaft retaining wall along a portion of the road, which is shown in the following photograph:



22. The work to remediate the damaged and destroyed roadway, and the substructure surrounding and underlying the roadway, was completed by Plaintiffs at a cost of approximately $1,000,000.

23. On or about March 1, 2018, the Defendants, acting through their agent, denied any and all liability under the Policy, relying on an alleged exclusion for correcting design deficiencies or faulty workmanship.

24. On or about March 9, 2018, Plaintiffs requested that the Defendants reconsider their coverage position because the Defendants had ignored an applicable exception to the exclusion that formed the basis of Defendants' coverage denial.

25. As a result of Plaintiffs' request, Defendants revised their coverage determination in a letter dated May 25, 2018, and conceded that at least part of Plaintiffs' claimed loss was covered under the Policy. Specifically, the Defendants acknowledged that the exception to the exclusion applied and that the roadway and the railing constituted covered "Land Improvements"

under the Policy. The Defendants have also acknowledged that a portion of the substructure directly beneath the roadway, and the costs to remediate the damaged grading, constituted covered loss. Accordingly, Defendants agreed to issue payments for part of Plaintiffs' claim of loss. With respect to the remainder of Plaintiffs' claim, the Defendants requested that Plaintiffs submit additional information.

26. Despite Defendants' appropriate concessions and the additional information Plaintiffs provided, the Defendants continue to contend that Plaintiffs' loss is not covered because the physical damage was caused by faulty design or workmanship, even though the Defendants have already conceded that the Policy language provides coverage for damage resulting from faulty design or workmanship.

27. Upon information and belief, Defendants' obstinate refusals to provide coverage for Plaintiffs' covered loss is being improperly influenced by Defendants' financial interest in minimizing the amount to be paid on the claim.

28. By refusing to pay all but a very small proportion of Plaintiffs' covered claim, the Defendants have failed to meet their Policy obligations and failed to handle Plaintiffs' claim properly and in good faith, causing Plaintiffs to incur significant additional loss and expense.

29. Although Plaintiffs have complied with each and every obligation and condition precedent imposed on them under the Policy, Defendants have breached their contractual obligations, acted in bad faith, and violated the Kentucky Uniform Claims Settlement Practices Act by refusing to provide coverage for Plaintiffs' covered loss.

## COUNT ONE
### (Declaratory Judgment)

30. Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

31. An actual, present, and justiciable controversy exists between the Plaintiffs and Defendants regarding the Defendants' coverage obligations and the parties' respective rights and obligations under the Policy.

32. Plaintiffs have tendered a claim for loss in relation to the losses it incurred as described herein.

33. Defendants have failed to honor Plaintiffs' proper and timely claim under the Policy and have done so without reasonable justification.

34. Pursuant to 28 U.S.C. § 2201, Plaintiffs request that the Court issue a declaration that the Policy obligates the Defendants to provide full coverage for Plaintiffs' claim of loss, including, but not limited to, all applicable and appropriate payments, benefits, interest, costs, and other such relief to which Plaintiffs are entitled.

35. The issuance of such a declaration will likely terminate and resolve the existing controversy between the parties and the requested declaration would serve a useful purpose in clarifying the parties' legal relations.

## COUNT TWO
### (Breach of Contract)

36. Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

37. Plaintiffs entered into a valid and binding contract with Defendants whereby Defendants agreed to insure Plaintiffs' property against all risk of direct physical loss, damage, or destruction.

38. At all relevant times, Plaintiffs complied with each and every obligation and condition precedent imposed on them under the Policy.

39. Demand was made upon Defendants to perform their obligations under the Policy,

but Defendants have refused to perform their contractual obligations.

40. Specifically, Defendants have breached the contract by refusing to provide full coverage for Plaintiffs' covered loss.

41. As a direct and proximate cause of Defendants' breach, Plaintiffs have and will continue to suffer substantial damages, in an amount believed to be in excess of $1,000,000.

## COUNT THREE
### (Common-Law Bad Faith)

42. Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

43. Defendants owed a duty of good faith and fair dealing to Plaintiffs at all relevant times, and Defendants continue to owe Plaintiffs such a duty.

44. Defendants' duty of good faith and fair dealing includes the obligation not to place its own interests ahead of Plaintiffs' interests as insureds.

45. Plaintiffs have complied with each and every obligation and condition precedent imposed on them under the Policy.

46. Plaintiffs are entitled to full coverage under the terms of the Policy.

47. There was, and is, no reasonable basis in law or fact for Defendants' failure and refusal to provide full coverage for Plaintiffs' covered loss.

48. Defendants' coverage position was not, and is not, legitimate, and its use of an illegitimate coverage position to avoid or delay full payment for Plaintiffs' covered loss is improper and constitutes bad faith.

49. Defendants either know that there is no reasonable basis for their coverage position or Defendants have acted with reckless disregard as to whether a reasonable basis exists, and therefore, Defendants' actions are outrageous.

50. As a direct and proximate cause of Defendants' conduct and bad faith, Plaintiffs have and will continue to suffer substantial damages, in an amount believed to be in excess of $1,000,000.

51. At all times relevant hereto, Defendants acted with oppression, fraud, and malice towards the Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## COUNT FOUR
### (Violation of the Kentucky Unfair Claims Settlement Practices Act)

52. Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

53. As detailed above, Defendants have violated the provisions of the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, by: misrepresenting pertinent insurance policy provisions relating to the coverages at issue; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; compelling Plaintiffs to institute litigation to recover the amounts due under the Policy; failing to promptly settle claims where liability has become reasonably clear; failing to promptly provide a reasonable explanation of the basis in the Policy or in relation to the facts or applicable law for denial of a claim; and failing to settle a claim within 30 days without reasonable foundation for doing so.

54. As a direct and proximate cause of Defendants' violations of the Kentucky Unfair Claims Settlement Practices Act, Plaintiffs have and will continue to suffer substantial damages, in an amount believed to be in excess of $1,000,000.

55. Pursuant to KRS § 446.070 and KRS § 304.12-235, Plaintiffs are entitled to recover their attorneys' fees and costs.

56. At all times relevant hereto, Defendants acted with oppression, fraud, and malice towards the Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Crosswater Canyon, Inc. and Ark Encounter, LLC pray for the following relief:

(a) A declaration that the Policy obligates the Defendants to provide full coverage for Plaintiffs' claim of loss, including, but not limited to, all applicable and appropriate payments, benefits, interest, costs, and other such relief to which Plaintiffs are entitled;

(b) An award of compensatory damages against Defendants in favor of Plaintiffs;

(c) An award of punitive damages against Defendants in favor of Plaintiffs;

(d) An award of pre- and post-judgment interest, attorneys' fees and costs, and all other expenses in connection with this action, as may be permissible under the Policy and/or applicable law; and

(e) Trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure; and

(f) Any and all other relief to which Plaintiffs may appear entitled.

Respectfully submitted,

  /s/ Steven C. Coffaro
Steven C. Coffaro (KBA No. 86202)
Amanda B. Stubblefield (KBA No. 96213)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone: 513-579-6400
Fax: 513-579-6457
steve.coffaro@kmklaw.com
astubblefield@kmklaw.com

*Attorneys for Plaintiffs, Crosswater Canyon, Inc. and Ark Encounter, LLC*

OF COUNSEL:

Pamela M. Hodge (KBA No. 83351)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone: 513-579-6400

9174825.1