UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| CROSSWATER CANYON, INC., and ARK ENCOUNTER, LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 2:19-cv-00064-DLB-CJS |
| v. | ) ) | |
| ALLIED WORD ASSURANCE COMPANY (U.S.), INC.; ALLIED WORLD ASSURANCE COMPANY HOLDINGS GmbH; CERTAIN UNDERWRITERS AT LLOYD'S; HDI GLOBAL SPECIALTY SE; BLACKBOARD SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) ) ) ) ) ) ) ) ) ) | *Electronically Filed* |
| *Defendants.* | ) | |

## ANSWER

Defendants Certain Underwriters at Lloyd's; HDI Global Specialty SE; Blackboard Specialty Insurance Company; and General Security Indemnity Company of Arizona (collectively hereinafter the "Insurers"), by and through their undersigned counsel, for their Answer to Plaintiffs' Complaint state as follows:

## FIRST DEFENSE

1.  Any and all allegations not specifically admitted herein are denied.

2.  The allegations contained in Paragraphs 1, 2, 3, 4, and 5 of the Complaint do not pertain to the Insurers and, therefore, no response is required of the Insurers. To the extent any response is required, the Insurers are without information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, and 5 of the Complaint.

3. In response to the allegations contained in Paragraph 6 of the Complaint, the Insurers state that Certain Underwriters at Lloyd's are business entities organized and existing under the laws of England and Wales with a principal place of business in London, England.

4. The Insurers admit the allegations contained in Paragraphs 7, 8, and 9 of the Complaint.

5. The allegations contained in Paragraphs 10, 11, and 12 of the Complaint regarding subject-matter jurisdiction, personal jurisdiction, and venue are legal conclusions which require no response from the Insurers. To the extent any response is required, the Insurers state that they do not, at this time and upon information and belief, contest subject-matter jurisdiction, personal jurisdiction, or venue.

6. In response to the allegations contained in Paragraph 13 of the Complaint, the Insurers admit that Plaintiffs were named insureds under the Policy referenced therein, that the Policy was underwritten and/or subscribed to by the Insurers, and that the Policy had a policy period of July 1, 2016, to July 1, 2017. In further response, the Insurers state that the terms of the Policy speak for themselves. The Insurers deny any further allegations contained in Paragraph 13 to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy.

7. In response to the allegations contained in Paragraph 14 of the Complaint, the Insurers admit that the Policy referenced in Plaintiffs' Complaint covered certain potential losses to Plaintiffs' property, located at 1 Ark Encounter Drive, Williamstown, Grant County, Kentucky. In further response, the Insurers state that the terms of the Policy speak for themselves. The Insurers deny any further allegations contained in Paragraph 14 to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy.

8. In response to the allegations contained in Paragraph 15 of the Complaint, the Insurers state that the referenced provision of the Policy defining "Land Improvements" speaks for itself. The Insurers deny the allegations contained in Paragraph 15 to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy.

9. The Insurers are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint and, therefore, they are deemed denied.

10. In response to the allegations contained in Paragraph 17 of the Complaint, the Insurers state that they are aware that, following development of the Ark Encounter Property, an access road on or near a hillside slope on the east side of the subject Property was constructed. The Insurers are unable to verify the authenticity of the photograph included in Paragraph 17 of the Complaint and when or by whom said photograph was taken. The remaining allegations contained in Paragraph 17 of the Complaint are denied to the extent they claim or imply any wrongdoing by the Insurers.

11. In response to the allegations contained in Paragraph 18 of the Complaint, the Insurers state that they are aware of a claimed loss which purportedly resulted from a landslide along portions of the Property's east side slope. The Insurers are unable to verify the authenticity of the photograph included in Paragraph 18 of the Complaint and when or by whom said photograph was taken. The remaining allegations contained in Paragraph 18 of the Complaint are denied to the extent they claim or imply any wrongdoing by the Insurers.

12. In response to the allegations contained in Paragraph 19 of the Complaint, the Insurers state that they were made aware of a claimed loss which purportedly resulted from a landslide along portions of the Property's east side slope. While the Insurers are generally aware of certain restorative and/or enhancement work performed subsequent to the claimed loss, they are

without information or knowledge sufficient to form a belief as to what specific "interim mitigation measures" were taken, as those measures are not defined or specified in Paragraph 19. The Insurers are further without information or knowledge sufficient to form a belief as to the nature of Plaintiffs' consultation with geotechnical engineer(s) regarding options for restorative and/or enhancement work related to the claimed loss. The Insurers admit that they were provided access to the Property and inspected the same as part of their claims investigation process. The Insurers specifically deny the allegations in the Complaint that they "authorized Plaintiffs to proceed with the necessary repairs," as the terms "necessary" and "repairs" are undefined and vague. To the extent Paragraph 19 alleges or suggests that the Insurers authorized restorative and/or enhancement work which was not otherwise covered under the Policy, the Insurers deny such allegations. The Insurers deny any and all remaining allegations contained in Paragraph 19.

13. In response to the allegations contained in Paragraph 20 of the Complaint, the Insurers are further without information or knowledge sufficient to form a belief as to the nature of Plaintiffs' consultation with geotechnical engineer(s) regarding options for restorative and/or enhancement work related to the claimed loss. The Insurers deny any further allegations contained in Paragraph 20 of the Complaint to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy.

14. In response to the allegations contained in Paragraph 21 of the Complaint, the Insurers state they are aware that Plaintiffs proceeded with certain remedial and/or enhancement work related to the claimed loss. The Insurers deny any further allegations contained in Paragraph 21 to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy. The Insurers are unable to verify the authenticity of the photograph included in Paragraph 21 of the Complaint and when or by whom said photograph was taken.

15. In response to the allegations contained in Paragraph 22 of the Complaint, the Insurers state they are aware that Plaintiffs proceeded with certain remedial and/or enhancement work related to the claimed loss. The Insurers deny any further allegations contained in Paragraph 22 to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy. The Insurers specifically deny the allegation that the entirety of the work performed was intended to "remediate" damage caused by the landslide, as the purpose of the work was to enhance or improve the defective design and/or workmanship relative to the development and construction of the east side slope and roadway.

16. In response to the allegations contained in Paragraph 23 of the Complaint, the Insurers state that they properly denied coverage for Plaintiffs' claim based upon the information available to the Insurers at that particular point in time. At the time referenced in Paragraph 23, and at all times material to this action, the Insurers have acted in good faith and in compliance with all applicable provisions of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder which may or do govern Plaintiffs' claim. The Insurers, therefore, deny the allegations contained in Paragraph 23 to the extent they claim or imply any wrongdoing by the Insurers.

17. In response to the allegations contained in Paragraph 24 of the Complaint, the Insurers state that Plaintiffs, through their counsel, requested that the Insurers reassess their coverage determination. In further response, the Insurers state that they properly denied coverage for Plaintiffs' claim based upon the information available to the Insurers at that particular point in time. At the time referenced in Paragraph 24, and at all times material to this action, the Insurers have acted in good faith and in compliance with all applicable provisions of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder which may or do govern

Plaintiffs' claim. The Insurers, therefore, deny the allegations contained in Paragraph 24 to the extent they claim or imply any wrongdoing by the Insurers.

18. In response to the allegations contained in Paragraph 25 of the Complaint, the Insurers state that their coverage determination and the written communication referenced in Paragraph 25 speak for themselves. The Insurers admit that they requested that Plaintiffs submit additional information relating to their claim, as was both necessary and appropriate under the circumstances. In further response, the Insurers state that they properly denied, in part, coverage for Plaintiffs' claim based upon the information available to the Insurers at that particular point in time. At the time referenced in Paragraph 25, and at all times material to this action, the Insurers have acted in good faith and in compliance with all applicable provisions of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder which may or do govern Plaintiffs' claim. The Insurers, therefore, deny the allegations contained in Paragraph 25 to the extent they claim or imply any wrongdoing by the Insurers.

19. The Insurers deny the allegations contained in Paragraphs 26, 27, 28, and 29 of the Complaint.

20. In response to the allegations contained in Paragraph 30 of the Complaint, the Insurers restate, re-allege, and incorporate by reference each and every response, defense, and statement made above to Plaintiffs' allegations set forth in Paragraphs 1–29 of the Complaint.

21. In response to the allegations contained in Paragraphs 31 and 32 of the Complaint, the Insurers state that a present controversy exists between Plaintiffs and the Insurers as to coverage for the claimed loss.

22. The Insurers deny the allegations contained in Paragraph 33 of the Complaint.

23. Paragraphs 34 and 35 of the Complaint sets forth prayer for relief to which no response is required. However, to the extent a response is required, the Insurers deny that Plaintiffs are entitled to the relief requested.

24. In response to the allegations contained in Paragraph 36 of the Complaint, the Insurers restate, re-allege, and incorporate by reference each and every response, defense, and statement made above to Plaintiffs' allegations set forth in Paragraphs 1–35 of the Complaint.

25. In response to the allegations contained in Paragraph 37 of the Complaint, the Insurers admit that Plaintiffs were named insured under the Policy referenced therein, that the Policy was underwritten and/or subscribed to by the Insurers, and that the Policy had a policy period of July 1, 2016, to July 1, 2017. In further response, the Insurers state that the terms of the Policy speak for themselves. The Insurers deny any further allegations contained in Paragraph 37 to the extent they claim, suggest, or imply any rights or obligations beyond those articulated in the Policy.

26. The Insurers deny the allegations contained in Paragraphs 38, 39, 40, and 41 of the Complaint.

27. In response to the allegations contained in Paragraph 42 of the Complaint, the Insurers restate, re-allege, and incorporate by reference each and every response, defense, and statement made above to Plaintiffs' allegations set forth in Paragraphs 1–41 of the Complaint.

28. The allegations contained in Paragraphs 43 and 44 of the Complaint set forth legal conclusions requiring no response. To the extent any response is required, the Insurers state that at all times material to this action, the Insurers have acted in good faith and in compliance with all applicable provisions of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder which may or do govern Plaintiffs' claim. The Insurers, therefore, deny

the allegations contained in Paragraphs 43 and 44 to the extent they claim or imply any wrongdoing by the Insurers.

29. The Insurers deny the allegations contained in Paragraphs 45, 46, 47, 48, 49, 50, and 51 of the Complaint.

30. In response to the allegations contained in Paragraph 52 of the Complaint, the Insurers restate, re-allege, and incorporate by reference each and every response, defense, and statement made above to Plaintiffs' allegations set forth in Paragraphs 1–51 of the Complaint.

31. The Insurers deny the allegations contained in Paragraphs 53, 54, 55, and 56 of the Complaint.

32. The Paragraph identified as "PRAYER FOR RELIEF" on page 12 of Plaintiffs' Complaint makes no allegations requiring a response. To the extent any response is required, the Insurers deny all allegations in this Paragraph to the extent they allege any wrongdoing by the Insurers, deny any liability in this matter, and deny that Plaintiffs are entitled to any type of relief whatsoever in this matter from the Insurers.

## SECOND DEFENSE

33. Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted as to the Insurers and should, therefore, be dismissed.

## THIRD DEFENSE

34. The Complaint is barred by laches and/or the statute of limitations.

## FOURTH DEFENSE

35. The Insurers affirmatively plead the doctrines of release and waiver, and rely upon the same as a bar, in whole or in part, to the Complaint.

9974046v.1

## FIFTH DEFENSE

36. Plaintiffs have failed to take reasonable steps to mitigate their damages, if any, and the Insurers rely upon the same as a bar, in whole or in part, to the Complaint.

## SIXTH DEFENSE

37. The Insurers affirmatively plead that the damages, if any, suffered by any Plaintiffs were the result of, and were proximately caused by, the reckless and/or negligent acts or omissions of third parties, and the Insurers rely upon the same as a bar, in whole or in part, to the Complaint. The Insurers reserve the right to raise any claims and/or defenses, including rights to subrogation for sums paid or which may be paid as a result of this litigation, against said parties as discovery may deem necessary.

## SEVENTH DEFENSE

38. Plaintiffs' claims were the result of conduct or occurrences which were not covered by any applicable insurance policy, and/or which amounted to a breach of contract regarding any policy, and the Insurers rely upon the same as a bar, in whole or in part, to the Complaint.

## EIGHTH DEFENSE

39. Plaintiffs failed to comply with the terms and conditions contained in any applicable insurance policy, including but not limited to adequate notice, which precluded coverage under any policy, and/or which amounted to a breach of contract regarding any policy, and the Insurers rely upon the same as a bar, in whole or in part, to the Complaint.

## NINTH DEFENSE

40. To the extent Plaintiffs' claims are governed by the Unfair Claims Settlement Practices Act, the Consumer Protection Act, and common law interpreting the same, the Insurers rely upon those laws as a bar, in whole or in part, to the Complaint.

**TENTH DEFENSE**

41. To the extent Plaintiffs' claims may have been covered by any applicable insurance policy, the Insurers plead that any denial or delay of coverage was made in good faith and/or pursuant to a bona fide question as to such coverage, and the Insurers rely upon the same as a bar, in whole or in part, to the Complaint.

**ELEVENTH DEFENSE**

42. Plaintiffs have failed to add indispensable parties to this litigation and/or have improperly named parties to this litigation, and the Insurers reserve the right to amend this pleading or initiate any other pleading to add or dismiss such parties.

**TWELFTH DEFENSE**

43. Plaintiffs' claims are barred by preemption, estoppel, *res judicata*, claim preclusion, standing, and/or other similar laws or principles of equity, and the Insurers rely upon the same as a bar, in whole or in part, to the Complaint.

**THIRTEENTH DEFENSE**

44. Plaintiffs' claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the provisions of KRS 411.184, as well as Sections 2 and 14 (or other applicable sections) of the Kentucky Constitution.

**FOURTEENTH DEFENSE**

45. The Insurers plead that they have complied with all terms and conditions of any insurance contract applicable to this action and that all or part of Plaintiffs' claims against the Insurers may be barred and/or limited by the terms, provisions, exclusions and limitations thereof.

**FIFTEENTH DEFENSE**

46. At all times material to this action, the Insurers have acted in good faith and in compliance with all applicable provisions of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder which may or do govern Plaintiffs' claim.

**SIXTEENTH DEFENSE**

47. The Insurers affirmatively state that they had a reasonable basis in law and in fact supporting its evaluation of Plaintiffs' claims and all conduct relating thereto.

**SEVENTEENTH DEFENSE**

48. The Insurers reserve the right to raise additional affirmative defenses and to assert counterclaims and third-party claims in the future.

WHEREFORE, Defendants Certain Underwriters at Lloyd's; HDI Global Specialty SE; Blackboard Specialty Insurance Company; and General Security Indemnity Company of Arizona respectfully demand as follows:

1. The Complaint be dismissed with prejudice;

2. Plaintiffs' claim for declaratory relief be denied;

3. A judgment by this Court that these Defendants have fulfilled all obligations under the Policy referenced in Plaintiffs' Complaint and have no remaining obligations relating to the claim referenced in the Complaint;

4. A judgment by this Court that these Defendants are not obligated or liable under the terms and conditions of the Policy referenced in Plaintiffs' Complaint to cover any of Plaintiffs' claimed losses beyond any payments already made;

5. A judgment by this Court that these Defendants are not obligated or liable under the terms and conditions of the Policy referenced in Plaintiffs' Complaint to reimburse Plaintiffs

for enhancement work performed to correct defective design and/or workmanship relative to the development and construction of the east side slope and roadway;

6. An award of costs, including reasonable attorney's fees, in defending the Complaint; and

7. Any and all such relief to which these Defendants may be entitled.

Respectfully submitted this 19th day of July, 2019,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/ Edward M. O'Brien
James M. Burd
Edward M. O'Brien
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502.238.8500
Fax: 502.238.7995
james.burd@wilsonelser.com
edward.obrien@wilsonelser.com
*Counsel for Defendants Certain Underwriters at Lloyd's, Global Specialty SE, Blackboard Specialty Insurance Co., and General Security Indemnity Company of Arizona*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing was electronically filed on July 19, 2019, with the Clerk of the U.S. District Court for the Eastern District of Kentucky using the CM/ECF system, which will send notice of filing to the following counsel of record:

Steven C. Coffaro
Amanda B. Stubblefield
Pamela M. Hodge
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.579.6400
Fax: 513.579.6457
steve.coffaro@kmklaw.com
astubblefield@kmklaw.com
*Counsel for Plaintiffs*

  The undersigned further certifies that a true and accurate copy of the same was served via first-class U.S. Mail, postage prepaid, upon the following:

Peter E. Kanaris
Cheryl L. Mondi
Kanaris, Stubenvoll & Heiss, P.C.
One South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312.879.1508
Fax: 312.474.1410
pkanaris@kshlaw.com
cmondi@kshlaw.com
*Counsel for Defendants Allied World Assurance Company*
*(U.S.), Inc., and Allied World Assurance Company Holdings*
*GmbH*

           */s/ Edward M. O'Brien*
           *Counsel for Defendants Certain Underwriters at Lloyd's,*
           *Global Specialty SE, Blackboard Specialty Insurance Co.,*
           *and General Security Indemnity Company of Arizona*