UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| CROSSWATER CANYON, INC.<br>and ARK ENCOUNTER, LLC | **Civil Action No. 2:19-cv-64-DLB-CJS**<br>**Judge David L. Bunning** |
| Plaintiffs, | |
| -v- | |
| ALLIED WORLD ASSURANCE COMPANY<br>(U.S.) Inc.; ALLIED WORLD ASSURANCE<br>COMPANY HOLDINGS GmbH; CERTAIN<br>UNDERWRITERS AT LLOYD'S; HDI<br>GLOBAL SPECIALTY SE; BLACKBOARD<br>SPECIALTY INSURANCE COMPANY; and<br>GENERAL SECURITY INDEMNITY<br>COMPANY OF ARIZONA | **ALLIED WORLD ASSURANCE**<br>**COMPANY (U.S.) INC.'S ANSWER**<br>**AND AFFIRMAITVE DEFENSES**<br>**TO PLAINTIFFS' COMPLAINT** |
| Defendants. | |

Defendant, Allied World Assurance Company (U.S.) Inc. ("ALLIED WORLD"), by and through the undersigned counsel, for its Answer to the Complaint filed by Plaintiffs, Crosswater Canyon, Inc. and Ark Encounter, LLC, states as follows.

## PARTIES

1.     Plaintiff Crosswater Canyon, Inc. is a non-profit corporation organized under the laws of the Commonwealth of Kentucky, with its principal place of business located in Petersburg, Kentucky. Plaintiff Crosswater Canyon, Inc. is a citizen of Kentucky.

**ANSWER:     ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

2.     Plaintiff Ark Encounter, LLC is a limited-liability company organized under the laws of the State of Missouri, with its principal place of business located in Hebron, Kentucky.

**ANSWER:**   **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

3.      Plaintiff Crosswater Canyon is the sole member and manager of Plaintiff Ark Encounter, LLC. As such, Plaintiff Ark Encounter, LLC is a citizen of Kentucky.

**ANSWER:**   **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

4.      Defendant Allied World Assurance Company (U.S.) Inc. is a citizen of the State of Delaware, where it is incorporated and where it has its principal place of business.

**ANSWER:**   **ALLIED WORLD admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in New York.**

5.      Defendant Allied World Assurance Company Holdings GmbH is a citizen of a foreign state, being incorporated in Switzerland and having its principal place of business in Zug, Switzerland.

**ANSWER:**   **ALLIED WORLD states that Allied World Assurance Company Holdings GmbH did not issue a policy of insurance to Plaintiffs, and therefore, counsel for ALLIED WORLD and Plaintiffs entered into a Stipulation for Dismissal of all claims against Allied World Assurance Company Holdings GmbH.**

6.      Defendant Certain Underwriters at Lloyds is a collective of underwriters residing in or existing under the laws of England or in other foreign countries, with a residence or principal place of business in England or other foreign countries.

**ANSWER:**   **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

7.      Defendant HDI Global Specialty SE, f/k/a International Insurance Company of Hannover SE, is a citizen of a foreign state, being a joint venture of Hannover Re Group and HDI

Global SE, both of which are incorporated in Germany and which have their principal places of

business in Hannover, Germany.

**ANSWER:** **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

8.      Defendant Blackboard Specialty Insurance Company, f/k/a Hamilton Specialty

Insurance Company, is a citizen of the State of Delaware, where it is incorporated and where it has

its principal place of business.

**ANSWER:** **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

9.      Defendant General Security Indemnity Company of Arizona is a citizen of the State

of Arizona, where it is incorporated and where it has its principal place of business.

**ANSWER:** **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §

1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests

and costs, and because the matter involves citizens of different States. Specifically, Plaintiffs are citizens

of Kentucky, and the Defendants are all citizens of foreign states and/or of states other than Kentucky.

**ANSWER:** **ALLIED WORLD states that Paragraph 10 of Plaintiffs' Complaint contains legal conclusions to which no response is required.   To the extent a response is required, ALLIED WORLD admits the allegations of Paragraph 10 of Plaintiffs' Complaint.**

11.     This Court has personal jurisdiction over the Defendants because of their contacts

with the Eastern District of Kentucky, which arise from transacting business in this District,

contracting to insure property or risk located in this District, and causing tortious injury in this District. The insurance policy expressly provides that the Defendants will submit to the jurisdiction of any court of competent jurisdiction within the United States.

**ANSWER:     ALLIED WORLD states that Paragraph 11 of Plaintiffs' Complaint contains legal conclusions to which no response is required.   To the extent a response is required, ALLIED WORLD admits that the Court has jurisdiction over ALLIED WORLD.**

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants are subject to personal jurisdiction in the Eastern District of Kentucky and thus are deemed to reside in this District for venue purposes, because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District, and because a substantial part of the property that is the subject of the action is situated in this District.

**ANSWER:     ALLIED WORLD states that Paragraph 12 of Plaintiffs' Complaint contains legal conclusions to which no response is required.   To the extent a response is required, ALLIED WORLD admits the allegations of Paragraph 12.**

## STATEMENT OF FACTS

13.     Plaintiffs were named insureds under a Commercial Property Policy, with policy number 0310-2242-1A, and a supplemental policy (collectively, the "Policy"), underwritten and subscribed to by the Defendants, with a policy period of July 1, 2016 to July 1, 2017. A true and accurate copy of the Policy is attached as **Exhibit A** and **Exhibit B**.

**ANSWER:     ALLIED WORLD states that issued Policy of Insurance Number 0310-2242-1A with effective dates of July 1, 2016 to July 1, 2017 (the "ALLIED WORLD POLICY").   ALLIED WORLD denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint to the extent they vary or contradict the terms of the ALLIED WORLD POLICY.**

14.     The Policy covered losses to Plaintiffs' property, located at 1 Ark Encounter Drive, Williamstown, Grant County, Kentucky, as set forth in the relevant portions of the following Policy provisions:

Section 1.    **PERILS INSURED AGAINST**

This **Policy** insures against all risk of direct physical loss, damage or destruction to property described herein occurring during the term of insurance, except as hereinafter excluded.

Section 2.    **COVERAGE**

Except as hereinafter excluded, this **Policy** insures:

        A.    **Real and Personal Property**

            (1)    The interest of the **Insured** in all real and personal property including but not limited to property owned, used, leased or intended for use by the **Insured**, or hereafter constructed, erected, installed, or acquired, including while in the course of construction, erection, installation, and assembly. In the event of direct physical loss, damage or destruction, the **Company** agrees to accept and consider the **Insured** as the sole and unconditional owner of improvements and betterments, notwithstanding the contract or leases to the contrary.

Section 4.    **PERILS EXCLUDED**

This **Policy** does not insure:

        B.    against the cost of correcting defective design or specifications, faulty material, or faulty workmanship; *however, this exclusion shall not apply to direct physical loss, damage or destruction resulting from such defective design or specifications, faulty material, or faulty workmanship.*

Section 5.    **PROPERTY EXCLUDED**

This **Policy** does not insure loss or damage to:

        A.    Land and land values; *however, this exclusion shall not apply to the cost of reclaiming, restoring or repairing **Land Improvements***.

*See* (Ex. A at 32, 47, 50) (italic emphasis added).

**ANSWER:    ALLIED WORLD admits that it issued the ALLIED WORLD POLICY subject to its terms, conditions, limitations, exclusions, and not otherwise. To the extent the allegations contained in Paragraph 14 of Plaintiffs' Complaint vary or contradict the terms of the ALLIED WORLD POLICY, ALLIED WORLD denies same.**

    15.    The Policy also defines "Land Improvements" as follows:

**Land Improvements** mean any alteration to the natural condition of the land whether

natural or manmade by *grading*, landscaping, earthen dikes or dams, *and additions to land such as drainage systems, pavements, roadways or similar works*.

(Ex. A at 68) (italic emphasis added).

**ANSWER:   ALLIED WORLD admits that it issued the ALLIED WORLD POLICY subject to its terms, conditions, limitations, exclusions, and not otherwise.  To the extent the allegations contained in Paragraph 15 of Plaintiffs' Complaint vary or contradict the terms of the ALLIED WORLD POLICY, ALLIED WORLD denies same.**

16.      Plaintiff Ark Encounter, LLC is the owner of the real property and improvements located at 1 Ark Encounter Drive in Williamstown, Grant County, Kentucky (the "Property"), where it operates a creationist theme park known as the Ark Encounter. The centerpiece of the attraction is a representation of Noah's Ark.

**ANSWER:   ALLIED WORLD states that the allegations contained in Paragraph 16 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD admits that the Ark Encounter is located at 1 Ark Encounter Drive, Williamston, Kentucky.  ALLIED WORLD lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint.**

17.    Development of the Ark Encounter Property, which was completed in or about 2016, included construction of an access road at the crest of a hillside slope on the east side of the Property. This road and the abutting hillside are shown in the photograph below:



**ANSWER:**   **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

18.     Beginning in or about May 2017, and continuing into 2018, the slope abutting and supporting the access road began to fail. Subsequent to heavy rains, a significant landslide occurred along portions of the slope, which eliminated the structural support for the roadway, caused significant damage to the road surface itself and the incorporated improvements, and rendered portions of the road unsafe and unfit for use. The impacts of the slope failure upon the roadway can be seen, in part, in the following photograph taken in or about July 2017:



**ANSWER:** **ALLIED WORLD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

19.     Plaintiffs promptly reported the landslide and the resulting property damage to the Defendants, began taking interim mitigation measures to prevent further damage, and consulted with geotechnical engineers to ascertain the options for appropriate remediation. Defendants' representatives were provided access to the Property, performed their own assessment and investigation, and authorized Plaintiffs to proceed with the necessary repairs.

**ANSWER:** **ALLIED WORLD states that Paragraph 19 of Plaintiffs' Complaint contains legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD states Plaintiffs reported the alleged loss on or about July 19, 2017.   After receiving notice of the loss, ALLIED WORLD retained Tim Lehman in accordance with Section J. <u>ASSIGNED ADJUSTER</u> of the ALLIED WORLD POLICY to investigate and adjust Plaintiffs' loss. ALLIED WORLD's adjustment team commenced its investigation of the loss. ALLIED WORLD lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

20.     In or about September 2017, the geotechnical engineers that Plaintiffs retained assessed the slope failure and the resulting destruction and damage of the abutting roadway and considered possible remediation plans. The geotechnical engineers ultimately recommended installation of a drilled concrete shaft retaining wall with reinforced shafts along the eastern edge of the service road at the crest of the slope, along with additional site work near the base of the hillside.  The geotechnical engineers determined that this would be the most efficient and effective way to stabilize the roadway and to prevent further slippage and damage to the road.

**ANSWER:     ALLIED WORLD lacks information sufficient to form a believe as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint, and therefore, neither admits nor denies same, but demands strict proof thereof.**

21.     Plaintiffs proceeded with the recommended work to remediate the damage caused by the landslide. This work included repairs to the supporting base of the roadway, repaving and construction of the road, installation of guard railing adjacent to the road to replace lost fencing, remediating the damaged grading, installation of drainage structures, and construction of the drilled shaft retaining wall along a portion of the road, which is shown in the following photograph:



**ANSWER:     ALLIED WORLD lacks information sufficient to form a believe as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

9

22.     The work to remediate the damaged and destroyed roadway, and the substructure surrounding and underlying the roadway, was completed by Plaintiffs at a cost of approximately $1,000,000.

**ANSWER:     ALLIED WORLD lacks information sufficient to form a believe as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.**

23.     On or about March 1, 2018, the Defendants, acting through their agent, denied any and all liability under the Policy, relying on an alleged exclusion for correcting design deficiencies or faulty workmanship.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 23 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.  In answering further, ALLIED WORLD admits that the ALLIED WORLD POLICY provides coverage for Plaintiffs' loss as identified in Tim Lehman's correspondence dated May 25, 2018 and September 5, 2018.**

24.     On or about March 9, 2018, Plaintiffs requested that the Defendants reconsider their coverage position because the Defendants had ignored an applicable exception to the exclusion that formed the basis of Defendants' coverage denial.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 24 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD admits that Plaintiffs sent correspondence dated March 9, 2018, which speaks for itself. ALLIED WORLD denies the allegations contained in Paragraph 24 of Plaintiff's Complaint to the extent they vary or contradict the March 9, 2018 correspondence.**

25.     As a result of Plaintiffs' request, Defendants revised their coverage determination in a letter dated May 25, 2018 and conceded that at least part of Plaintiffs' claimed loss was covered under the Policy. Specifically, the Defendants acknowledged that the exception to the exclusion applied and that the roadway and the railing constituted covered "Land Improvements"

under the Policy. The Defendants have also acknowledged that a portion of the substructure directly beneath the roadway, and the costs to remediate the damaged grading, constituted covered loss. Accordingly, Defendants agreed to issue payments for part of Plaintiffs' claim of loss. With respect to the remainder of Plaintiffs' claim, the Defendants requested that Plaintiffs submit additional information.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 25 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD admits that Mr. Lehman sent correspondence dated May 25, 2018, which speaks for itself.**

26.    Despite Defendants' appropriate concessions and the additional information Plaintiffs provided, the Defendants continue to contend that Plaintiffs' loss is not covered because the physical damage was caused by faulty design or workmanship, even though the Defendants have already conceded that the Policy language provides coverage for damage resulting from faulty design or workmanship.

**ANSWER:    ALLIED WORLD states that Paragraph 26 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies that the ALLIED WORLD POLICY covers Plaintiffs' total claimed loss. In answering further, ALLIED WORLD admits that the ALLIED WORLD POLICY provides coverage for Plaintiffs' loss as identified in Tim Lehman's correspondence dated May 25, 2018 and September 5, 2018.  ALLIED WORLD denies the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint.**

27.    Upon information and belief, Defendants' obstinate refusals to provide coverage for Plaintiffs' covered loss is being improperly influenced by Defendants' financial interest in minimizing the amount to be paid on the claim.

**ANSWER:    ALLIED WORLD denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.**

28.     By refusing to pay all but a very small proportion of Plaintiffs' covered claim, the Defendants have failed to meet their Policy obligations and failed to handle Plaintiffs' claim properly and in good faith, causing Plaintiffs to incur significant additional loss and expense.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 28 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.**

29.     Although Plaintiffs have complied with each and every obligation and condition precedent imposed on them under the Policy, Defendants have breached their contractual obligations, acted in bad faith, and violated the Kentucky Uniform Claims Settlement Practices Act by refusing to provide coverage for Plaintiffs' covered loss.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 29 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.**

## COUNT ONE
### (Declaratory Judgment)

30.     Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

**ANSWER:     ALLIED WORLD incorporates by reference its answers to each and every paragraph contained in Plaintiffs' Complaint as though fully set forth herein.**

31.     An actual, present, and justiciable controversy exists between the Plaintiffs and Defendants regarding the Defendants' coverage obligations and the parties' respective rights and obligations under the Policy.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 31 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD admits that a controversy exists between Plaintiffs and Defendants.**

32.    Plaintiffs have tendered a claim for loss in relation to the losses it incurred as described herein.

**ANSWER:    ALLIED WORLD admits that Plaintiffs tendered a claim.  ALLIED WORLD denies that the ALLIED WORLD POLICY provides coverage for Plaintiffs' total claim.**

33.    Defendants have failed to honor Plaintiffs' proper and timely claim under the Policy and have done so without reasonable justification.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 33 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.**

34.    Pursuant to 28 U.S.C. § 2201, Plaintiffs request that the Court issue a declaration that the Policy obligates the Defendants to provide full coverage for Plaintiffs' claim of loss, including, but not limited to, all applicable and appropriate payments, benefits, interest, costs, and other such relief to which Plaintiffs are entitled.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 34 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies that the ALLIED WORLD POLICY obligates ALLIED WORLD to provide full coverage for Plaintiffs' claim.**

35.    The issuance of such a declaration will likely terminate and resolve the existing controversy between the parties and the requested declaration would serve a useful purpose in clarifying the parties' legal relations.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 35 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.**

## COUNT TWO
### (Breach of Contract)

36.     Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

**ANSWER:     ALLIED WORLD incorporates by reference its answers to each and every paragraph contained in Plaintiffs' Complaint as though fully set forth herein.**

37.     Plaintiffs entered into a valid and binding contract with Defendants whereby Defendants agreed to insure Plaintiffs' property against all risk of direct physical loss, damage, or destruction.

**ANSWER:     ALLIED WORLD states that Paragraph 37 of Plaintiffs' Complaint contains legal conclusions to which no response is required.  To the extent a response is necessary, ALLIED WORLD admits that it issued the ALLIED WORLD POLICY subject to its terms, conditions, limitations, and exclusions.  ALLIED WORLD denies the remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint to the extent they vary or contradict the terms of the ALLIED WORLD POLICY.**

38.     At all relevant times, Plaintiffs complied with each and every obligation and condition precedent imposed on them under the Policy.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 38 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.**

39.     Demand was made upon Defendants to perform their obligations under the Policy, but Defendants have refused to perform their contractual obligations.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 39 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.**

40.     Specifically, Defendants have breached the contract by refusing to provide full coverage for Plaintiffs' covered loss.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 40 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.**

41.     As a direct and proximate cause of Defendants' breach, Plaintiffs have and will continue to suffer substantial damages, in an amount believed to be in excess of $1,000,000.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 41 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.**

<u>**COUNT THREE**</u>
**(Common-Law Bad Faith)**

42.     Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

**ANSWER:     ALLIED WORLD incorporates by reference its answers to each and every paragraph contained in Plaintiffs' Complaint as though fully set forth herein.**

43.     Defendants owed a duty of good faith and fair dealing to Plaintiffs at all relevant times, and Defendants continue to owe Plaintiffs such a duty.

**ANSWER:     ALLIED WORLD states that Paragraph 43 of Plaintiffs' Complaint contains legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD states that at all times, Allied World has acted is in good faith.**

44.     Defendants' duty of good faith and fair dealing includes the obligation not to place its own interests ahead of Plaintiffs' interests as insureds.

**ANSWER:     ALLIED WORLD states that the allegations of Paragraph 44 of Plaintiff's Complaint contain legal conclusions to which no response is required.**

45.     Plaintiffs have complied with each and every obligation and condition precedent imposed on them under the Policy.

**ANSWER:     ALLIED WORLD states that Paragraph 45 of Plaintiffs' Complaint contains legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.**

46.     Plaintiffs are entitled to full coverage under the terms of the Policy.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 46 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.**

47.     There was, and is, no reasonable basis in law or fact for Defendants' failure and refusal to provide full coverage for Plaintiffs' covered loss.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 47 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.**

48.     Defendants' coverage position was not, and is not, legitimate, and its use of an illegitimate coverage position to avoid or delay full payment for Plaintiffs' covered loss is improper and constitutes bad faith.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 48 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.**

49.     Defendants either know that there is no reasonable basis for their coverage position or Defendants have acted with reckless disregard as to whether a reasonable basis exists, and therefore, Defendants' actions are outrageous.

**ANSWER:     ALLIED WORLD states that the allegations contained in Paragraph 49 of Plaintiffs' Complaint contain legal conclusions to which no response is**

**required. To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.**

50. As a direct and proximate cause of Defendants' conduct and bad faith, Plaintiffs have and will continue to suffer substantial damages, in an amount believed to be in excess of $1,000,000.

**ANSWER:  ALLIED WORLD states that the allegations contained in Paragraph 50 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.**

51. At all times relevant hereto, Defendants acted with oppression, fraud, and malice towards the Plaintiffs, entitling Plaintiffs to an award of punitive damages.

**ANSWER:  ALLIED WORLD states that the allegations contained in Paragraph 51 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.**

## COUNT FOUR
### (Violation of the Kentucky Unfair Claims Settlement Practices Act)

52. Plaintiffs incorporate by reference each and every paragraph contained in this Complaint, as if fully restated herein.

**ANSWER:  ALLIED WORLD incorporates by reference its answers to each and every paragraph contained in Plaintiffs' Complaint as though fully set forth herein.**

53. As detailed above, Defendants have violated the provisions of the Kentucky Unfair Claims Settlement Practices Act, KRS § 304.12-230, by: misrepresenting pertinent insurance policy provisions relating to the coverages at issue; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become

reasonably clear; compelling Plaintiffs to institute litigation to recover the amounts due under the Policy; failing to promptly settle claims where liability has become reasonably clear; failing to promptly provide a reasonable explanation of the basis in the Policy or in relation to the facts or applicable law for denial of a claim; and failing to settle a claim within 30 days without reasonable foundation for doing so.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 53 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.**

54.    As a direct and proximate cause of Defendants' violations of the Kentucky Unfair Claims Settlement Practices Act, Plaintiffs have and will continue to suffer substantial damages, in an amount believed to be in excess of $1,000,000.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 54 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.**

55.    Pursuant to KRS § 446.070 and KRS § 304.12-235, Plaintiffs are entitled to recover their attorneys' fees and costs.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 55 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.**

56.    At all times relevant hereto, Defendants acted with oppression, fraud, and malice towards the Plaintiffs, entitling Plaintiffs to an award of punitive damages.

**ANSWER:    ALLIED WORLD states that the allegations contained in Paragraph 56 of Plaintiffs' Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ALLIED WORLD denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.**

WHEREFORE, Defendant, Allied World Assurance Company (U.S.) Inc., respectfully requests that this Honorable Court enter judgement in its favor and against Plaintiffs, dismissing their Complaint with prejudice and for such other relief the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Allied World Assurance Company (U.S.) Inc. ("ALLIED WORLD"), by and through its attorneys, Fisher Kanaris, P.C., and for its Affirmative Defenses to Plaintiffs', Crosswater Canyon, Inc. and Ark Encounter, LLC's, Complaint states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the purported causes of action contained therein fail to state the cause of action against ALLIED WORLD.

## SECOND AFFIRMATIVE DEFENSE

1.      ALLIED WORLD issued Policy of Insurance Number 0310-2242-1A with effective dates of July 1, 2016 to July 1, 2017 (the "ALLIED WORLD Policy) to Plaintiffs subject to its terms, conditions, limitations, exclusions and not otherwise.

2.      The Policy provides, in relevant part, as follows:

**4.      PERILS EXCLUDED**

This **Policy** does not insure:

\*          \*          \*

B.      against the cost of correcting defective design or specifications, faulty material, or faulty workmanship; however, this exclusion shall not apply to direct physical loss, damage or destruction resulting from such defective design or specification, faulty material, or faulty workmanship. This exclusion shall not apply to property in transit;

3.      Plaintiffs' claim is barred by the above-quoted provision.

## THIRD AFFIRMATIVE DEFENSE

1.    ALLIED WORLD issued the Policy to Plaintiffs.

2.    The Policy provides, in relevant part, as follows:

    **4.**    **PERILS EXCLUDED**

    This **Policy** does not insure:

        *    *    *

    D.    against ordinary wear and tear, inherent vice, latent defect or gradual deterioration, evaporation, rust, shrinkage or change in color, flavor, texture or finish unless direct physical loss, damage or destruction not otherwise excluded ensues and then this **Policy** shall insure for such ensuing direct physical loss, damage or destruction.

3.    Plaintiffs' claim is barred by the above-quoted provision.

## FOURTH AFFIRMATIVE DEFENSE

1.    ALLIED WORLD issued the Policy to Plaintiffs.

2.    The Policy provides, in relevant part, as follows:

    **5.**    **PROPERTY EXCLUDED**

    This **Policy** does not insure loss or damage to:

    A.    Land and land values; however, this exclusion shall not apply to the cost of reclaiming, restoring or repairing **Land Improvements**.

3.    The excess soil which was disposed over the eastern side of the ridge on which the Ark was constructed creating the subject east slope is not covered property under the terms of the ALLIED WORLD Policy.

## FIFTH AFFIRMATIVE DEFENSE

1.    ALLIED WORLD issued the Policy to Plaintiffs.

2.    The Policy provides, in relevant part, as follows:

    **B.**    **Business Interruption**

(1)    Loss resulting from necessary interruption of business conducted by the **Insured**, whether total or partial, and caused by direct physical, loss, damage, or destruction insured herein during the term of this **Policy** to real and personal property as described in Clause 2.A. of the Policy Provisions.

\*       \*       \*

**C.**    **Extra Expense**

(1)    Extra Expense incurred resulting from direct physical loss, damage or destruction insured herein during the terms of this **Policy** to real or personal property as described in Clause 2.A.

3.    Plaintiffs' claim is barred/limited by the above-quoted provision.

### SIXTH AFFIRMATIVE DEFENSE

1.    ALLIED WORLD issued the Policy to Plaintiffs.

2.    The Policy provides, in relevant part, as follows:

**20.**    **NOTICE OF LOSS**

As soon as practicable after any direct physical loss, damage or destruction occurring under this **Policy** is known to the department of the **Insured** responsible for insurance matters, the **Insured** shall report such loss or damage to the **Insured's** claims contact at Marsh, for transmission to the **Company**. Any delay under this **Policy**, except if and to the extent that the **Company** proves that it actually and substantially was prejudiced by any unreasonable delay in notice.

3.    Plaintiffs' failure to comply with the above-quoted provision bars its claim.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs failed to comply with its common law duty to mitigate damages, Plaintiffs claims are barred.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred by the prohibition against excessive fines contained the Eighth Amendment to the United States Constitution, the provisions of KRS 411.184,

as well as Sections 2 and 14 (or other applicable sections) of the Kentucky Constitution.

## NINTH AFFIRMATIVE DEFENSE

At all times material to this action, ALLIED WORLD has acted in good faith and in compliance with all applicable provisions of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, which may or do govern Plaintiffs' claim.

## TENTH AFFIRMATIVE DEFENSE

ALLIED WORLD further reserves its right to assert additional affirmative defenses which may become apparent upon further investigation, discovery, examination or cross-examination.

**WHEREFORE,** having fully answered Plaintiff's Complaint and Jury Demand, ALLIED WORLD prays that the Complaint be dismissed, with prejudice, at Plaintiff's costs and ALLIED WORLD be permitted to go henceforth without further costs and/or delay.

Respectfully submitted,

/s/ Vincent P Antaki
Vincent P. Antaki (88675)
Reminger Co., LPA
525 Vine Street, Suite 1500
Cincinnati, Ohio  45202
Telephone:     (513) 455-4031
Facsimile:     (513) 721-2553

Email: vantaki@reminger.com

*Attorney for Defendant, Allied World Assurance Company (U.S.) Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed electronically through the Court's CM/ECF this 19TH day of July 2019. Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

Stephen C. Coffaro  
Amanda B. Stubblefield  
Keating Muething& Klekamp  
One East Fourth Street, Suite 1400  
Cincinnati, OH 45202  
***Counsel for Plaintiff***

James M. Burd  
Edward M. O'Brien  
100 Mallard Creek Road, Suite 250  
Louisville, KY 40207  
***Counsel for Defendants Certain Underwriters at Lloyd's, Global Specialty SE, Blackboard Specialty Insurance Co., and General Security Indemnity Company of Arizona***