# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

| | |
|---|---|
| CROSSWATER CANYON, INC. and ARK ENCOUNTER, LLC<br><br>Plaintiffs,<br><br>-v-<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.) Inc.; CERTAIN UNDERWRITERS AT LLOYD'S; HDI GLOBAL SPECIALTY SE; BLACKBOARD SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA<br><br>Defendants. | Civil Action No. 2:19-cv-00064-DLB-CJS<br><br>**Judge David L. Bunning** |

## REPORT OF THE PARTIES' RULE 26 PLANNING MEETING

**I.     RULE 26(f) CONFERENCE**

This joint report is submitted by all parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26") and the Court's Order for Meeting and Report, entered on July 22, 2019. (Doc. # 15).

**II.    DETAILS OF THE RULE 26(f) CONFERENCE OF THE PARTIES**

Steven C. Coffaro, Amanda B. Stubblefield, and Pamela Morgan Hodge, counsel for Plaintiffs Crosswater Canyon, Inc. and Ark Encounter, LLC ("Plaintiffs"); Vincent P. Antaki, counsel for Defendant, Allied World Assurance Company (U.S.) Inc. ("Allied World"); and James M. Burd and Edward M. O'Brien, counsel for Defendants Certain Underwriters at Lloyd's, Global Specialty SE, Blackboard Specialty Insurance Co. and General Security Indemnity Company of Arizona, participated in a telephonic meeting of counsel pursuant to Rule 26(f) on August 7, 2019.

The parties fully and openly discussed the nature and basis of the claims and defenses, the possibilities for resolution of the case, and discussed and exchanged information in good faith as contemplated by Rule 26(a). The substance of the meeting is reflected in this Report. In finalizing this report, counsel for all parties have conferred telephonically and through e-mail.

### III.   DETAILED WRITTEN DISCOVERY PLAN

#### A.   Preservation of Discoverable Information and Electronic Discovery

The parties discussed the adequacy of the measures the parties are taking to preserve any relevant paper documents and electronically stored information. The parties agree that they are all complying with obligations to maintain discoverable information, and do not believe there are any issues to be addressed.

#### B.   Pre-Discovery Disclosures under Rule 26(a)

Pursuant to Rule 26(a)(1) and the Court's Order For Meeting and Report, the parties will exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) no later than August 30, 2019.

#### C.   Proposed Discovery Plan

1. The parties anticipate that discovery will be needed on the factual allegations in the Complaint, the defenses raised by the Defendants, and the applicable language of the insurance policy related to Plaintiffs' claims.

2. The length and number of depositions shall be governed by the Federal Rules of Civil Procedure.  Other than these exceptions, the parties do not presently believe any limitations on discovery are necessary, beyond those included in the Federal Rules of Civil Procedure, the Local Rules, the Court's Standing Order, and other applicable law. However, the parties reserve the right to ask the Court for additional discovery.

      3. Defendants assert that Plaintiffs' bad faith claims should be bifurcated and discovery should be stayed until the Court resolves Plaintiffs' breach of contract claim. Defendants will file a Motion to Bifurcate and Stay Discovery on the Bad Faith Claims.

      4. Plaintiffs oppose bifurcation of their bad-faith and breach-of-contract claims because the factual and legal issues involved in those claims are inextricably intertwined. Plaintiffs oppose a stay of discovery for the same reasons.

      5. The parties jointly propose the following discovery plan in accordance with the following schedule:

| ACTION | PROPOSED DUE DATE |
|---|---|
| Initial Disclosures Under FRCP 26 | August 30, 2019 |
| Reports from retained experts under Rule 26(a)(2) Due from Plaintiffs | March 6, 2020 |
| Reports from retained experts under Rule 26(a)(2) Due from Defendants | May 5, 2020 |
| Supplementations under Rule 26(e) Due | Within 10 days of the need for supplementation |
| Close of Fact Discovery | June 4, 2020 |
| Close of Expert Discovery | July 10, 2020 |
| Dispositive Motions | July 24, 2020 |

## IV. PRE-TRIAL AND TRIAL MATTERS

### A. Scheduling Conference

The parties do not request a conference with the Court before entry of the scheduling order.

### B. Pre-Trial Conference

The parties request a pretrial conference at least 30 days before trial at the convenience of the Court.

3

    **C.**     **Additional Parties**

Plaintiffs shall be allowed until October 7, 2019, to join additional parties and to amend the pleadings. Defendants shall be allowed until October 28, 2019 to join additional parties and to amend the pleadings.

    **D.**     **Pre-Trial and Trial**

The parties propose the following:

    1.     Proposed Schedule:

| ACTION | PROPOSED DUE DATE |
| --- | --- |
| Final Lists of Witnesses, Designation of Witnesses Whose Testimony Will be Presented by Deposition and Exhibits Under Rule 26(a)(3) Should Be Due From Plaintiffs and Defendants | February 5, 2020 |
| Deadline For Parties To List Objections Under Rule 26(a)(3) | March 5, 2020 |
| Suggested Trial Date | April 12, 2021 |

    2.     Length of Trial:

The approximate length of trial shall be approximately 2-3 days.

    3.     Trial by Jury or the Court:

In their Complaint, Plaintiffs requested trial by jury. (Doc. # 1).

**V.**     **MAGISTRATE JUDGE**

The parties do not unanimously consent to the jurisdiction of a Magistrate Judge to conduct all proceedings, trial, and final disposition.

**VI.**     **SETTLEMENT PROCEDURES**

The likelihood of settlement is unknown at this time, but the parties have agreed to engage in an early settlement conference or mediation before discovery begins in earnest.

## VII. COMPLEXITY OF THE CASE

The parties do not believe that any of the procedures of the current edition of the Manual for Complex Litigation are necessary for this case.

Respectfully submitted,

 /s/ Steven C. Coffaro
Steven C. Coffaro (86202)
Amanda B. Stubblefield (96213)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513.579.6400
Fax: 513.579.6457
steve.coffaro@kmklaw.com
astubblefield@kmklaw.com
*Attorneys for Plaintiffs*

 /s/ Vincent P. Antaki
Vincent P. Antaki (88675)
REMINGER CO., LPA
525 Vine Street, Suite 1500
Cincinnati, Ohio 45202
Telephone: (513) 455-4031
Facsimile: (513) 721-2553
Email: vantaki@reminger.com
*Attorney for Defendant, Allied World Assurance Company (U.S.) Inc.*

 /s James M. Burd
James M. Burd
Edward M. O'Brien
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502.238.8500
Fax: 502.238.7995
james.burd@wilsonelser.com
edward.obrien@wilsonelser.com
*Counsel for Defendants Certain Underwriters at Lloyd's, Global Specialty SE, Blackboard Specialty Insurance Co., and General Security Indemnity Company of Arizona*

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing pleading was filed electronically using the Court's CM/ECF system on August 20th, 2019, which will cause notice to be delivered electronically to all parties or counsel of record.

                                          */s/ Steven C. Coffaro*
                                          Steven C. Coffaro

9402702.1