UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-64-DLB-CJS

CROSSWATER CANYON, INC., et al.                                        PLAINTIFFS

v.                                             **ORDER**

ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., et al.          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Allied World Assurance Company (U.S.) Inc.'s Motion to Bifurcate (R. 21) and the joinder in that motion by Defendants Certain Underwriters at Lloyd's, HDI Global Specialty SE, Blackboard Specialty Insurance Company, and General Security Indemnity Company of Arizona (R. 24). The Motion to Bifurcate has been fully briefed and orally argued and is now ripe.

This case stems from an insurance coverage dispute related to costs to repair a roadway, with Plaintiffs asserting breach of contract and bad faith claims from Defendants' alleged failure to pay them the full amount that they contend is owed under their insurance policy. (*See* R. 1). Defendants seek bifurcation of Plaintiffs' breach of contract and bad faith claims for purposes of discovery and trial, including a stay of discovery on the bad faith claims until the breach of contract claims are resolved. (R. 21).

Federal procedural law governs bifurcation in a diversity action. *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155, 2013 WL 98059, at *1 (W.D. Ky. Jan. 7, 2013). Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims,

counterclaims, or third-party claims." While "the court should consider [these] several criteria," it is not bound by any single one. *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). "Only one of these criteria need be met to justify bifurcation," and a court's "decision ordering bifurcation is dependent on the facts and circumstances of each case." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

Defendants argue that bifurcation is appropriate here, asserting that resolution of the contract claims in their favor would be dispositive of the bad faith claims. (*See* R. 21-1, Page ID 242). This Court recognizes that other "courts have consistently bifurcated cases where resolution of a single claim would be dispositive of the entire case." *C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co.*, No. 5:13-CV-00173-TBR, 2015 WL 1262219, at *2 (W.D. Ky. Mar. 18, 2015); *Graves v. Standard Ins. Co.*, No. 3:14-CV-558-DJH, 2015 WL 2453156, at *3 (W.D. Ky. May 22, 2015) ("[T]he overwhelming case law . . . routinely grants motions to bifurcate and stay discovery of first-party claims of bad faith in insurance litigation until such time as the underlying breach of contract claim is resolved."). The rationale is simple, "If a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails; accordingly, such cases lend themselves to bifurcation under Rule 42(b)." *C.A. Jones Mgmt. Grp.*, 2015 WL 1262219, at *2.

However, Plaintiffs argue that resolution of their contract claims will not dispose of all of their bad faith claims: "Contrary to the Defendants' contentions, Plaintiffs can maintain their bad-faith claims based on the Defendants' initial denial of *all* coverage, without the need to prove their contract claims based on the additional coverage the Defendants owe." (R. 25, Page ID 268) (emphasis added). Authority supports Plaintiffs' contention that they can assert a bad faith claim for Defendants' initial denial but later partial payment of their insurance claim. *See United Servs.*

*Auto. Ass'n v. Bult*, 183 S.W.3d 181, 190 (Ky. Ct. App. 2003), *as modified* (June 27, 2003); *see also Foster v. Am. Fire & Cas. Co.*, 219 F. Supp. 3d 590, 595 (E.D. Ky. 2016).

At oral argument, Defendants countered that they did not believe that Plaintiffs could ultimately support such a claim. However, the viability of such a bad faith claim is not at issue here, discoverability is. Because, at the least, Plaintiffs' bad faith claim relating to a delay in payment will not be disposed of by resolution of their contract claims, some bad faith discovery is, at this juncture, inevitable. Because some bad faith discovery is inevitable, the Court does not see, and Defendants have not articulated, how judicial economy would be served by staying discovery on some bad faith claims but not the rest. Therefore, the Court will deny Defendants' Motion to Bifurcate for discovery purposes. However, the Court "makes no ruling at this time with regard to the issue of separate trials before separate juries." *Nationwide Mut. Fire Ins.*, 2013 WL 98059, at *1.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Bifurcate (R. 21; R. 24) is hereby **DENIED** to the extent that it seeks to stay and bifurcate, for *discovery* purposes, Plaintiffs' bad faith claims from their breach of contract claims. To the extent Defendants seek to bifurcate, for *trial* purposes, Plaintiffs' bad faith claims from their breach of contract claims, Defendants are free to present a renewed motion at an appropriate subsequent stage in the litigation.

Signed this 13th day of February, 2020.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2019\19-64-DLB order re bifurcation.docx