UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| CROSSWATER CANYON, INC., and ARK ENCOUNTER, LLC, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) |
| ALLIED WORD ASSURANCE COMPANY (U.S.), INC.; CERTAIN UNDERWRITERS AT LLOYD'S; HDI GLOBAL SPECIALTY SE; BLACKBOARD SPECIALTY INSURANCE COMPANY; and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, | ) ) ) ) ) ) ) ) ) |
| *Defendants.* | ) |

Civil Action No.
2:19-cv-00064-DLB-CJS

**AGREED CONFIDENTIALITY ORDER**

The parties having agreed and the Court being sufficiently advised, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:

1.  This Confidentiality Order shall apply to certain documents produced by the parties in this action. The parties have the right to designate as confidential any discovery material in this action, which is already subject to a confidentiality agreement or any party believes in good faith contains commercial or financial information or any other proprietary or confidential business or personal information ("Confidential Materials"). This Confidentiality Order applies to all Confidential Materials whether the information, documents, and things are in the possession, custody, or control of one of the parties or in the possession, custody, and control of a third party. This Confidentiality Order governs production of the following categories of documents: personnel files; internal policies and procedures; internal corporate documents; meeting minutes; financial documents and information; state and federal income tax returns; contracts with third

parties; internal e-mail communications and correspondence regarding any documents or information governed by this Order; and other documents not otherwise disseminated to the public or which contain other confidential, personal, or proprietary information of the parties or employees of the aforementioned parties.

2. The Producing Party shall label, mark or otherwise identify all information, documents, and things that it deems to be Confidential Materials with the legend "CONFIDENTIAL" on the face thereof at the time of production or copying. The Producing Party must believe an item or document is confidential before labeling or marking it as such. Where large numbers of documents are produced for inspection by the Producing Party, the Producing Party may produce them with a written statement that the information contained in the documents is confidential and then specifically identify, label or mark "CONFIDENTIAL" only those documents of which the opposing party requests a copy.

3. The acceptance of information, documents, or things designated as Confidential Materials by any party shall not constitute an admission or concession, permit any inference, or create a presumption that any such designation is in fact merited or appropriate. Any party challenging a confidential designation shall designate in writing to the other party those portions of the information, documents, and things challenged as improperly designated and shall confer with opposing counsel relating said objections. The party producing such confidential information may then move the Court for a protective order, order granting leave to file under seal, or other order designed to maintain the confidentiality of such documents or information within thirty (30) days of receiving any such challenge. All information, documents, and things or portions of information, documents, and things which are subject to any such challenge shall be treated as Confidential Materials by all parties until the Court has made a judicial determination, including

all appeals therefrom, that any such information, documents, and things or portions of information, documents, and things is not properly labeled Confidential Materials.

    4.      Confidential Materials shall not be used for any other purpose than this litigation. Copies made shall be considered as originals for the purposes of this Order.

    5.      Access to Confidential Materials or dissemination thereof shall be limited to the parties and to the following, unless and until the Court rules that there may be further disclosure:

        a.      Attorneys in the following law firms:  Wilson Elser Moskowitz Edelman & Dicker LLP; Hinshaw & Culbertson LLP; Reminger Co., LPA; and Keating Muething & Klekamp PLL.

        b.      Employees in the above mentioned law firms who are subject to the control and supervision of the attorneys and whose functions require access to Confidential Materials;

        c.      Attorneys regularly employed in the legal departments of the parties and their assistants, paralegals or other persons associated with the attorneys, whose assistance is required by said attorneys in the defense or prosecution of this action;

        d.      The authors, senders, and addressees of such Confidential Materials;

        e.      Non-party experts or independent consultants engaged by counsel or the parties to assist in this action, provided that each non-party expert and/or independent consultant has the need to learn the content of such Confidential Materials and has been provided a copy of this Confidentiality Order before being provided with discovery materials protected by this Confidentiality Order;

        f.      The Court and court personnel, including court reporters at proceedings in this action and independent court reporters;

  g. Document handling or photocopying companies retained by any party or counsel;

  h. Any person who would be entitled to review the Confidential Material as a result of contractual obligations such as agreements with insurers or reinsurers or pursuant to local, state, federal or other laws; and

  i. Any other person who has a need to learn the content of Confidential Materials in connection with this lawsuit and has received a copy of this Confidentiality Order before being provided with materials protected by this Confidentiality Order.

These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on motion.

  6. In the event any party wishes to file Confidential Material with the Court, the party seeking to file the Confidential Material shall either: (1) file a motion seeking leave from the Court to file the Confidential Material under seal, or (2) inform the designating party of its intent to file such Confidential Material at least 5 days in advance of filing to give the designating party an opportunity to either waive the confidentiality designation or ask the Court for permission to seal the documents.  Should the designating party fail to respond or decline to waive the confidentiality designation, either party may approach the Court to seek leave to file the Confidential Material under seal, in accordance with the Local Rules of the Eastern District of Kentucky and all applicable Court Orders.  The parties agree to cooperate in good faith to resolve disputed issues of confidentiality before filing a motion for leave to file under seal.

  7. This Confidentiality Order shall not be construed as an agreement by any party to produce or supply any document or as a waiver by any party of its right to object to the production

of any document, or as a waiver of any claim of privilege with regard to the production of any document.

**HAVE SEEN AND AGREED:**


*/s/ Amanda B. Stubblefield*
Steven C. Coffaro (KBA No. 86202)
Amanda B. Stubblefield (KBA No. 96213)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: 513-579-6400
Fax: 513-579-6457
steve.coffaro@kmklaw.com
astubblefield@kmklaw.com
*Counsel for Plaintiffs, Crosswater Canyon, Inc. and Ark Encounter, LLC*


*/s/ Edward M. O'Brien*
James M. Burd
Edward M. O'Brien
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502.238.8500
james.burd@wilsonelser.com
edward.obrien@wilsonelser.com
*Counsel for Defendants Certain Underwriters at Lloyd's, Global Specialty SE, Blackboard Specialty Insurance Co., and General Security Indemnity Company of Arizona*


/s/ Cheryl L. Mondi (by EMO with permission)
Peter E. Kanaris
Cheryl L. Mondi

5

Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel: 312-704-3630
Fax: 312-704-3001
CMondi@hinshawlaw.com
PKanaris@hinshawlaw.com

Vincent P. Antaki
REMINGER CO., LPA
525 Vine Street, Suite 1500
Cincinnati, OH  45202
Telephone: 513-455-4031
Fax: 513-721-2553
vantaki@reminger.com
*Counsel for Defendant Allied World Assurance Company (U.S.), Inc.*