**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 19-64-DLB-CJS

CROSSWATER CANYON, INC., et al.                                    PLAINTIFFS

v.                          **MEMORANDUM ORDER**

ALLIED WORLD ASSURANCE COMPANY (U.S.), Inc., et al.        DEFENDANTS

\* \* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Allied World Assurance Company (U.S.) Inc.'s ("Allied World") Objections to the Magistrate Judge's Order denying Defendants' Motion to Bifurcate. (Doc. # 34). The Plaintiffs having responded to the Objections (Doc. # 39), the Objections are now ripe for the Court's review. For the reasons set forth below, Defendant Allied World's Objections are **overruled**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a dispute about insurance coverage. Plaintiff Ark Encounter, LLC[1] owns property in Grant County, Kentucky on which "it operates a creationist theme park known as the Ark Encounter." (Doc. # 1 at ¶ 16). Defendants[2] insured Plaintiffs under a Commercial Property Policy ("the Policy"), which covered losses

---

[1]  Plaintiff Crosswater Canyon is the only member of Plaintiff Ark Encounter, LLC. (Doc. # 1 at ¶ 3). Crosswater Canyon is also the manager of Ark Encounter. *Id.*

[2]  Defendants include Allied World; Certain Underwriters at Lloyds; HDI Global Specialty SE, f/k/a International Insurance Company of Hannover SE; Blackboard Specialty Insurance Company, f/k/a Hamilton Specialty Insurance Company; and General Security Indemnity Company of Arizona. *Id.* at ¶¶ 4–9; *see also* (Doc. # 14) (stipulated dismissal of claims against Allied World Assurance Company Holdings GmbH).

1

to the Ark Encounter Property with some exceptions. *Id.* at ¶¶ 13–15.

As part of the creation of the theme park, which was completed in 2016, an access road was constructed on the east side of the Ark Encounter Property. *Id.* at ¶ 17. At some point beginning around May of 2017, "the slope abutting and supporting the access road began to fail" which "eliminated the structural support for the roadway, caused significant damage to the road surface itself and the incorporated improvements, and rendered portions of the road unsafe and unfit for use." *Id.* at ¶ 18. Plaintiffs notified Defendants and took "interim mitigation measures to prevent further damage." *Id.* at ¶ 19. Defendants visited the property, assessed the damaged, and gave permission for Plaintiffs to undertake the necessary repairs. *Id.* Geotechnical engineers who assessed the site recommended a series of measures, including installing a retaining wall, to "stabilize the roadway and to prevent further slippage and damage to the road." *Id.* at ¶ 20. Plaintiffs made the recommended repairs, which cost approximately one million dollars. *Id.* at ¶¶ 21–22.

Defendants initially denied any liability under the Policy, claiming that the repairs fell within the Policy's "exclusion for correcting design deficiencies or faulty workmanship." *Id.* at ¶ 23. After a request for reconsideration, Defendants revised their initial assessment and conceded that a portion of the claimed losses were covered by the Policy. *Id.* at ¶ 25. Plaintiffs allege that "[b]y refusing to pay all but a very small portion of the Plaintiffs' covered claim, the Defendants have failed to meet their Policy obligations and failed to handle Plaintiffs' claim properly and in good faith." *Id.* at ¶ 28. Accordingly, Plaintiffs brought suit against Defendants seeking a declaratory judgment and claiming breach of contract, bad faith, and a violation of the Kentucky Unfair Claims Settlement Practices

Act. *Id.* at ¶¶ 30–56.

On October 1, 2019, Defendant Allied World moved to bifurcate the claims. (Doc. # 21). Specifically, it asked the Court to bifurcate the breach-of-contract claims from the bad-faith claims and to stay discovery on the claim of bad faith until the contract claim was resolved. *Id.* The remaining Defendants joined the Motion, (Doc. # 25), which the Plaintiffs opposed. (Doc. # 26). Following briefing and oral argument, Magistrate Judge Candace J. Smith denied Defendants' Motion. (Doc. # 31). Allied World's Objections to Judge Smith's Order, (Doc. # 34), as well as Plaintiffs' response to the Objections, (Doc. # 39), are now before the Court.

## II. ANALYSIS

### A. Standard of Review

A magistrate judge may hear and determine non-dispositive, pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). Any party may file objections to such an order for consideration by the district court. FED. R. CIV. P. 72(a). Objections, however, that are general, repetitive of arguments previously presented to the magistrate judge, or do "nothing more than state a disagreement with the magistrate's suggested resolution" are improper. *EQT Prod. Co. v. Magnum Hunter Prod. Co.*, No. 5:16-cv-150-JMH, 2017 WL 4974782, at *2 (E.D. Ky. July 19, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)); *see also Bustetter v. CEVA Logistics U.S., Inc.*, No. 0:18-cv-58-DLB-EBA, 2019 WL 1867430, at *2 (E.D. Ky. Apr. 25, 2019) ("'Vague, general or conclusory objections' are equivalent to 'a complete failure to object.'" (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001))).

Following the filing of proper objections, the district court considers whether the "magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (alteration in original) (internal quotations omitted) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Alternatively, "[a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (alteration in original) (internal quotations omitted) (quoting *United States v. Winsper*, No. 3:08-cv-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)). "A magistrate judge's order on non-dispositive matters 'should draw great deference, as the clearly erroneous and contrary to law standards of review present a sizeable burden for a district court to overcome.'" *EMW Women's Surgical Ctr., P.S.C. v. Bevin*, No. 3:17-cv-189-GNS, 2018 WL 10229473, at *2 (W.D. Ky. Sept. 28, 2018) (quoting *Warren v. Sheba Logistics, LLC*, No. 1:15-cv-00148-GNS-HBB, 2018 WL 1227940, at *1 (W.D. Ky. Mar. 31, 2017)).

"Since a decision on bifurcation will not finally resolve any of Plaintiff's claims, a motion to bifurcate is not dispositive" and may be ruled upon by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *MidAmerican Distrib., Inc. v. Clarification Tech., Inc.*, No. 2:09-cv-96-DLB-JGW, 2011 WL 12885994, at *1 (E.D. Ky. Jan. 20, 2011) (citing *Steinberger v. State Farm Auto Ins.*, 2010 WL 3603791, at *1 (S.D. Ohio Sept. 9, 2010);

4

*Miller v. N.J. Transit Auth. Rail Operations*, 160 F.R.D. 37 (D.N.J. 1995)). Whether bifurcation is appropriate is a matter of law. Thus, the Court must consider whether the magistrate judge's decision was "contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

Bifurcation of a trial is permissible "for convenience, to avoid prejudice, or to expedite and economize" resources. FED. R. CIV. P. 42(b). "In determining whether separate trials are appropriate, the court should consider several facts including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 308, 1311 (6th Cir. 1997)). Bifurcation is used "where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-cv-54-R, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010)). The district court has discretion to determine if bifurcation is appropriate. *Wilson*, 477 F.3d at 339 (citing *Saxion v. Titan-C-Mfg. Inc.*, 86 F.3d 553, 556–57 (6th Cir. 1996)) (noting that decisions on bifurcation are reviewed for an abuse of discretion).

B.   **Objections**

Some of Allied World's objections parrot those arguments previously before Judge Smith in the briefs supporting the Motion to Bifurcate. *Compare* (Doc. # 34 at 2–4), *with* (Doc. # 31-1). Moreover, a portion of the objections is devoted to rehashing and attempting to discredit arguments the Plaintiffs put forth at oral argument. *See* (Doc. # 34 at 8–10). The Court declines to consider these repetitive arguments that are not

specific to the decision that Judge Smith rendered. *EQT Prod. Co.*, 2017 WL 4974782, at *2 (citing *VanDiver*, 304 F. Supp. 2d at 937); *see also Bustetter*, 2019 WL 1867430, at *2 (citing *Cole*, 7 F. App'x at 356). Thus, to the extent the objections are merely repetitive of that which was before Judge Smith and are not specific to her Order, they are **overruled** as improper.

Allied World does, however, raise other more specific objections to Judge Smith's decision. Specifically, Allied World takes issue with the Magistrate Judge's reliance on *United Servs. Auto. Ass'n* and *Foster*, arguing that both cases actually support its argument that bifurcation is appropriate. (Doc. # 34 at 5–9) (citing *Foster v. American Fire & Cas. Co.*, 219 F. Supp. 3d 590 (E.D. Ky. 2016); *United Servs. Auto. Ass'n v. Bult*, 183 S.W.3d 181 (Ky. Ct. App. 2003)). Allied World seems to misunderstand Judge Smith's purpose for citing these cases. Both appear to be merely cited for the limited proposition that Plaintiffs "can assert a bad faith claim for Defendants' initial denial but later partial payment of their insurance claim." (Doc. # 31 at 2–3). Judge Smith, appropriately, does not comment on the viability and merits of such a bad-faith claim, nor does she suggest that the cited cases are analogous to the one before the Court or that the procedure and outcome of those cases should guide this Court's review of the case at bar. *Id.* Instead, she merely indicates that a bad-faith claim could be asserted for the alleged bad-faith actions, which *United Servs. Auto. Ass'n* and *Foster* support. *Id.*; *see also Foster*, 219 F. Supp. at 595 (citing *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452–53 (Ky. 1997)) (explaining that mere delay of payment is not sufficient to establish bad faith but delay with additional evidence may be); *United Servs. Auto. Ass'n*, 183 S.W.3d at 190 (citing *Glass*, 996 S.W.2d at 452) (same). Judge Smith's reliance on these

6

cases for the limited stated proposition is appropriate. Accordingly, Allied World's objections to Judge Smith's reliance on these cases is **overruled**.

Allied World's objections to the use of these cases appears to be tied to its argument that the Defendants paid the insurance claim in a timely manner and, even if the payment was untimely, Plaintiffs' bad-faith claim cannot lie. (Doc. # 34 at 6–9). Separately, Allied World argues that the allegations made in the Plaintiffs' Complaint are insufficient to support their theory of bad faith, and that the bad-faith claim cannot stand because "coverage for the [insurance] claim, is at a minimum, fairly debatable." (*Id.* at 9–11). Both arguments, in essence, are attempts to argue the factual and legal merits, or alleged lack thereof, of the bad-faith claim. Allied World appears to be arguing that because the bad-faith claim lacks merit, judicial economy would be served by not allowing discovery on that claim at this time. At this stage, however, such arguments are inappropriate. "[N]either a motion to bifurcate nor any of the responsive pleadings is the appropriate forum for the type of factual arguments the parties have presented." *MidAmerican Distrib., Inc.*, 2011 WL 12885994, at *2 (quoting *Int'l Broth. of Elec. Workers v. Am. Laundry Mach., Inc.*, No. 1:07-cv-324, 2010 WL 200396, at *2 (S.D. Ohio, Jan. 13, 2010)); *see also* (Doc. # 31 at 3) ("[T[he viability of such a bad faith claim is not at issue here, discoverability is."). To the extent Allied World's seemingly factual and merit-based objections to the bad-faith claim are non-repetitive and proper, they are **overruled**.

Having reviewed Judge Smith's Order, the Court agrees, in full, with Judge Smith's conclusion that the Motion to Bifurcate be denied. Her decision is neither clearly erroneous nor contrary to law. As Judge Smith correctly acknowledged, in insurance contexts, "courts have consistently bifurcated cases where resolution of a single claim

would be dispositive of the entire case." (Doc. # 31 at 2) (quoting *C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co.*, No. 5:13-cv-00173-TBR, 2015 WL 1262219, at *2 (W.D. Ky. Mar. 18, 2015)); *see also Live Nation Worldwide, Inc. v. Secura Ins.*, 298 F. Supp. 3d 1032, 1035 (W.D. Ky. 2018) ("Courts frequently bifurcate claims addressing coverage and bad faith against insurance companies, as deciding the first claim may obviate the need to litigate the second."). Accordingly, "[t]he question of bifurcation in these particular cases centers on whether resolution of a single claim would be dispositive of the entire case." *Live Nation Worldwide, Inc.*, 298 F. Supp. 3d at 1035 (citing *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-cv-00054-R, 2011 WL 6012554, at *2 (W.D. Ky. Dec. 1, 2011)).

Here the breach-of-contract claim is not dispositive of the bad-faith claim. "Under Kentucky law, a bad faith claim requires [among other things] showing that 'the insurer is obligated to pay the claim under the terms of the policy. . . .'" *Mass. Mut. Life v. Watson*, Nos. 5:12-cv-19-KKC, 5:12-cv-151-KKC, 2013 WL 142431, at *2 (E.D. Ky. Jan. 11, 2013) (quoting *Whittmer v. Jones*, 864 S.W.2d 855, 890 (Ky. 1993)) (citing *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000)). It is clear from the Complaint that Defendants first denied the insurance claim in total but later agreed to pay part of the claim. (Doc. # 1 at ¶¶ 23, 25). Moreover, Defendant has conceded that it was "obligated to pay" at least part of "the claim under the terms of the policy." *Mass. Mut. Life*, 2013 WL 142431, at *2 (quoting *Whitmer*, 864 S.W.2d at 890); *see also* (Doc. # 1 at ¶ 25). As Plaintiffs' allegation of bad faith appears to be partially based on the complete initial denial of coverage despite this later-conceded obligation to pay, *see* (Doc. # 1 at ¶¶ 42–51), the issue of bad faith will go forth regardless of how the court rules on whether the Defendants have further breached the Policy by failing to provide additional coverage. In other words,

the breach-of-contract issue is not dispositive of the bad-faith claim in this unique insurance case.  As discovery on issues of both bad faith and breach of contract will take place, the Court finds that judicial economy is not served by bifurcating discovery.  As Judge Smith noted, however, any party may move at a later time for bifurcation at trial if that appears appropriate.  (Doc. # 31 at 3).  Accordingly, for the reasons set forth herein,

**IT IS ORDERED** that Defendant Allied World's Objections (Doc. # 34) to Judge Smith's Order denying its Motion to Bifurcate are **OVERRULED**.

This 17th day of July, 2020.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\Cov2019\19-64 Order on Objections to Mag Order Denying Bifurcation.docx